**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-03664-NYW

OMAR ALEXANDER CORTES-SAGASTUME,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
DAVID J. VENTURELLA, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
TODD BLANCHE, in his official capacity,

Respondents.

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on Petitioner's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (the "Petition"). [Doc. 15]. Respondents have responded to the Petition, stating that they "are not submitting a brief in opposition." [Doc. 16 at 1]. For the reasons set forth in this Order, the Petition is respectfully **GRANTED in part**.

## BACKGROUND

Petitioner Omar Cortes-Sagastume ("Petitioner" or "Mr. Cortes-Sagastume") is a citizen of Honduras who entered the United States as an Unaccompanied Child in 2021. [Doc. 15 at ¶ 1]. Upon his arrival, he was served with a Notice to Appear ("NTA") and soon filed a Form I-589, Application for Asylum, Withholding of Removal, and Protection under the Convention Against Torture. [*Id.* at ¶ 2]. In or around 2023, "[b]ecause of his demonstrated compliance with immigration proceedings and pursuit of relief, the

government agreed to terminate Mr. Cortes-Sagastume's removal proceedings to allow him to proceed with his application for asylum relief and related protection before the United States Immigration and Citizenship Services ("USCIS"), instead of the immigration court." [*Id.* ¶¶ 2, 25–26]. On July 2, 2026, Petitioner was taken into ICE custody, and the Department of Homeland Security "re-initiated removal proceedings against Mr. Cortes-Sagastume by filing a new NTA." [*Id.* at ¶ 27]. Petitioner is currently detained at the Aurora ICE Processing Facility. [*Id.* at ¶¶ 18, 27].

While in custody, Mr. Cortes-Sagastume requested a custody redetermination hearing under 8 U.S.C. § 1226(a), and on July 31, 2026, he submitted evidence in support of his request. [*Id.* at ¶ 28]. On August 3, 2026, an immigration judge ("IJ") held a custody redetermination hearing and denied bond, finding that Cortes-Sagastume was a flight risk because his application for asylum relief was "speculative." [*Id.* at ¶¶ 29, 41; Doc. 15-1 at 74].[1] Petitioner argues that the IJ's decision "failed to apply the proper legal standard, as it gave zero weight to the evidence submitted in support of release." [Doc. 15 at ¶ 29].

Mr. Cortes-Sagastume brings five claims for relief: (1) the IJ's denial of bond was "legally flawed," and as a result, Petitioner's "continued deprivation of liberty . . . is in violation of the Constitution and laws of the United States"; (2) violation of his Fifth Amendment substantive due process rights; (3) violation of his Fifth Amendment procedural due process rights; (4) declaratory relief; and (5) injunctive relief. [*Id.* at ¶¶ 40–71 (emphasis omitted)]. He seeks, among other things, a Court order directing that he be immediately released from ICE custody or be provided a new bond hearing where Respondents bear the burden of proof. [*Id.* at 22].

---

[1] The written bond order simply stated that Petitioner is a "flight risk." [Doc. 15-1 at 74].

Respondents' Response does not engage with any of Petitioner's claims or arguments. Rather, Respondents state that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case," and they "recognize that the Court may then decide to grant the Petition and award appropriate relief." [Doc. 16 at 1]. They submit that "the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, <u>release</u> Petitioner from detention." [*Id.*].

**LEGAL STANDARD**

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

**ANALYSIS**

The Court's analysis begins and ends with Petitioner's first claim, that the IJ's finding of flight risk and denial of bond was legally flawed and a violation of his constitutional rights. *See* [Doc. 15 at ¶¶ 40–47].

As an initial matter, the Court notes that it is undisputed that Mr. Cortes-Sagastume is detained under 8 U.S.C. § 1226(a). *See generally* [Doc. 15; Doc. 16]; *see also Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) ("[N]oncitizens who entered the

United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond).”). When reviewing an IJ’s decision in a bond hearing under § 1226(a), the scope of the Court’s review is narrow. The Immigration and Nationality Act (“INA”) provides that “[t]he Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review” and “[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.” 8 U.S.C. § 1226(e). Section 1226(e) thus “precludes an alien from challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release.” *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (cleaned up).

The Court cannot and does not reweigh the evidence or “serv[e] as an appellate court over [the] IJ's bond decision.” *Quiroz Zacarias v. Mullin*, No. 26-cv-00574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026). But “[w]hether [a petitioner] received the due process to which he was entitled ‘is not a matter of discretion’ and is subject to judicial review.” *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quoting *Zadvydas v Davis*, 533 U.S. 678, 688 (2001)). “Courts have repeatedly concluded that § 1226(e) does not preclude challenges to the procedures used in custody determinations under § 1226.” *Castillo v. Field Off. Dir.*, No. 25-cv-25296, 2025 WL 4689387, at *5 (S.D. Fla. Dec. 19, 2025) (collecting cases).

The Court thus reviews “the nature and structure of the [IJ’s decision] for the minimal indicia of due process.” *Mejia v. Baltazar*, No. 26-cv-00385-NYW-TPO, 2026 WL 1361514, at *2 (D. Colo. May 15, 2026) (quoting *Lopez v. Paulk*, 830 F. Supp. 3d 1356, 1368 (M.D. Ga. 2026)). This Court’s prior decisions identify three potential constitutional

errors in an IJ's bond decision, though this is by no means an exclusive list.

First, and most fundamentally, the IJ must apply a constitutionally adequate standard of proof. "[A] noncitizen can demonstrate that a bond hearing was constitutionally inadequate by showing that the immigration judge 'simply did not apply the correct standard to the facts.'" *Id.* at *3 (quoting *Garcia v. Hyde*, 817 F. Supp. 3d 112, 126 (D.R.I. 2025). This Court has held that due process requires the government to bear the burden of proof by clear and convincing evidence in a § 1226(a) bond hearing. *See Contreras Posada v. Mullin*, No. 26-cv-03765-NYW, 2026 WL 2654041, at *2–3 (D. Colo. Sept. 9, 2026).[2]

Second, a "noncitizen may show a constitutional error where 'the evidence itself could not—as a matter of law—have supported the IJ's decision to deny bond.'" *Jatinder Singh v. Baltasar*, No. 26-cv-01126-NYW, 2026 WL 2224796, at *3 (D. Colo. July 14, 2026) (quoting *Garcia*, 817 F. Supp. 3d at 126) (further quotation and citations omitted). "Courts have granted relief on constitutional grounds where the IJ . . . relied on non probative evidence outside the considerations permitted by agency precedent." *Id.* (citing *Perez Velasquez v. Bondi*, No. 26-cv-01759-GPC-DDL, 2026 WL 1042479, at *6 (S.D. Cal. Apr. 16, 2026)).

Third, the IJ's bond decision must provide an individualized determination based on the entire record before it. "[A] decision made in 'conclusory terms' is insufficient; 'the decision maker should state the reasons for the determination and the evidentiary basis

---

[2] Beyond asking for a new bond hearing where the Respondents bear the burden of proof, Mr. Cortes-Sagastume's petition does not discuss the burden of proof applied by the IJ at the bond hearing. Thus, this Court does not consider this argument as a basis for habeas relief.

relied on.'" *Mejia*, 2026 WL 1361514, at *3 (quoting *Staton v. Mayes*, 552 F.2d 908, 916 (10th Cir. 1977)); *see also Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005) (recognizing that a noncitizen "has the right to an individualized determination of his or her interests"). "[T]hough the IJ's 'failure to mention specific evidence, by itself, does not overcome the presumption' that it [reviewed all relevant evidence], 'where the IJ's discussion of the record demonstrates that it has not adequately considered the full record, due process requires the IJ to reconsider its bond determination on a full record." *Castillo*, 2025 WL 4689387, at *7 (quoting *Kharis v. Sessions*, No. 18-cv-04800, 2018 WL 5809432, at *5 (N.D. Cal. Nov. 6, 2013)). Similarly, an IJ's decision based on reasoning that "would lead to an automatic denial of bond in all cases" violates due process. *Jatinder Singh*, 2026 WL 2224796, at *3 (quoting *Alvarado Lopez v. Dillman*, 1:25-cv-2456-LMB LRV, 2026 WL 688958, at *6 (E.D. Va. Mar. 11, 2026) (quotation omitted), appeal docketed sub nom., *Alvarado Lopez v. Guadian*, No. 26-6602 (4th Cir. May 14, 2026); *see also D.Y.E.H. v. Warden, Irwin Det. Ctr.*, 839 F. Supp. 3d 1170, 1183–84 (M.D. Ga. 2026) (finding due process violation where IJ's decision "equate[d] the mere fact of being in removal proceedings with a categorical presumption of flight risk, which is the opposite of an individualized assessment").

## I. Application to Petitioner

In his first claim, Petitioner argues that the IJ's flight risk finding was legally flawed for a number of reasons: (1) it lacks any indication that the IJ applied the factors identified in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006) to the record evidence; (2) the finding was based on one reasoning, that Petitioner's requested asylum relief was "speculative," and this reasoning is premature because Mr. Cortes-Sagastume has not even had a merit

hearing on his petition; (3) the IJ articulated no other reasons that Mr. Cortes-Sagastume is a flight risk and did not consider that "he had demonstrated continued compliance with his immigration matters since day one of his proceedings"; and (4) the IJ "failed to rationalize" how Petitioner's asylum application can be "speculative" in light of the fact that the Government voluntarily terminated Petitioner's removal proceedings so that he could apply for asylum. [Doc. 15 at at ¶¶ 42–47]. Petitioner asserts that the IJ's "flight risk determination" was "a pretextual ruling . . . unsupported by the record and unmoored from a genuine evaluation of the evidence." [*Id.* at ¶ 45].

As an initial matter, Petitioner's argument that the IJ improperly weighed—or failed to weigh—the *Guerra* factors, is unavailing. An immigration judge has discretion to decide which *Guerra* factors to consider and how much weight each factor merits, *see Guerra*, 24 I. & N. Dec. at 40; *Fikadu v. Blanche*, 26-cv-03703-NYW, 2026 WL 2969052, at *2 n.4 (D. Colo. Oct. 2, 2026) (collecting cases), and a habeas court "has no authority to encroach upon an IJ's discretionary weighing of the evidence," *Garcia*, 817 F. Supp. 3d at 126 (quoting *Diaz-Calderon v. Barr*, 535 F. Supp. 3d 669, 676 (E.D. Mich. 2020)).

However, it is not clear to the Court that the IJ applied the correct legal standards in its bond determination. The written order denying bond solely states "flight risk" as a reason for denial, [Doc. 15-1 at 74], and conclusory terms are generally insufficient when unsupported with reasoning or an evidentiary basis. And review of the record suggests that the IJ did not conduct an individualized determination based on the entire record before her when denying Mr. Cortez-Sagastume's request for release on bond. Petitioner alleges—and Respondents do not dispute—that the IJ orally provided only "one reason" for finding him a flight risk and denying bond: his asylum application was "speculative."

[Doc. 15 at ¶ 41]. Petitioner further alleges—and Respondents do not dispute—that the IJ did not explain this conclusion in light of the evidence that the Government previously voluntarily agreed to terminate Petitioner's removal proceedings to allow Petitioner to pursue this precise asylum relief (and the immigration court did in fact terminate the removal proceedings), [*id.* at ¶ 43]; *see also* [*id.* at ¶¶ 2, 25], as well as the evidence that Mr. Cortes-Sagastume has "demonstrated continued compliance with his immigration matters since day one of his proceedings," [*id.* at ¶ 44]. Nor did the IJ consider that Petitioner is still pursuing this asylum relief and has not even had a merits hearing. [*Id.* at ¶ 43].

Respondents do not contest any of Petitioner's allegations or seek to support the IJ's decision in any way, *see* [Doc. 16], so any arguments in opposition are waived, *Mendoza Hernandez v. Baltazar*, No. 26-cv-03652 WJM, 2026 WL 2453685, at *4 (D. Colo. Aug. 21, 2026) ("Respondents have waived any arguments they might otherwise have had in response to Mendoza Hernandez's claims by expressly declining to respond to Mendoza Hernandez's claims and his arguments in support of those claims."). The Court is thus left with a written bond order consisting of two words, [Doc. 15-1 at 74], and Petitioner's allegations about the IJ's failure to discuss the evidence that he raised, *see generally* [Doc. 15].

The Court finds that while the IJ's failure to discuss specific evidence does not, by itself, warrant relief, the IJ's conclusory written order and lack of discussion of any evidence in her oral order demonstrates that she did not adequately consider the full record or provide an individualized assessment when assessing Petitioner's bond request.

## II. Appropriate Remedy

Petitioner requests a Court order directing Respondents to immediately release him from custody. [Doc. 15 at 22]. Respondents do not oppose the relief sought by Petitioner; indeed, they "submit that if the Court does grant the Petitioner, the appropriate relief would be an Order directing that Respondents . . . release Petitioner from detention." [Doc. 16 at 1]. Accordingly, the Court will order Petitioner released.

The Petition is therefore respectfully **GRANTED** as to the request for an order that Petitioner be immediately released. Because the Court is granting Petitioner's requested relief of immediate release, his requests for declaratory judgment and a permanent injunction are **DENIED AS MOOT**.[3]

## CONCLUSION

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1) Petitioner's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief [Doc. 15] is **GRANTED in part**;

(2) Within **7 days** of this Order, Respondents **SHALL RELEASE** Petitioner from custody; and

(3) On or before **October 28, 2026**, the Parties **SHALL FILE** a joint status report confirming that Petitioner was released.

[3] To the extent Petitioner asks the Court to award him attorney's fees and litigation expenses under the Equal Access to Justice Act, [Doc. 15 at 23], this District's Local Rules require that a request for attorney's fees be made by separate motion. *See* D.C.COLO.LCivR 54.3.

DATED: October 20, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge